# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **Prommis Holdings, LLC**, *et al.,* | Case No. 13-10551 (BLS) |
| | (Jointly Administered) |
| Debtors. | |
| **Ronald F. Vaughn,** | Adv. No. 13-52252 |
| Plaintiff, | Related to Adv. Docket Nos. 7, 8, 11, 27, 29, 30, 31 & 32 |
| v. | |
| **Prommis Holdings, LLC**, *et al.,* | |
| Defendants. | |

## MEMORANDUM ORDER[1]

Upon consideration of the Motion to Dismiss the Complaint[2] filed by EC Closing Corp. f/k/a Cal-Western Reconveyance Corp. ("Cal-Western") and Prommis Holdings, LLC ("Prommis") [Adv. Docket No. 7]; Cal-Western and Prommis's opening brief in support of their Motion to Dismiss the Complaint [Adv. Docket No. 8]; the joinder to the Motion to Dismiss the Complaint filed by Charles T. Piper [Adv.

---

[1] This Memorandum Order constitutes the Court's findings of fact and conclusions of law, as required by the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 7052, 9014(c).

[2] Plaintiff's Complaint is Adv. Docket No. 1.

Docket No. 11]; the response to the Motion to Dismiss the Complaint (the "Response") filed by Ronald F. Vaughn [Adv. Docket No. 27]; Cal-Western and Prommis's reply brief in support of their Motion to Dismiss the Complaint (the "Reply Brief") [Adv. Docket No. 29]; Mr. Piper's joinder to the Reply Brief [Adv. Docket No. 30]; the joinder to the Motion to Dismiss the Complaint filed by DAPI, LLC ("DAPI") [Adv. Docket No. 31]; and DAPI's request for judicial notice in support of its joinder [Adv. Docket No. 32]; and following a hearing on December 16, 2013; and after due deliberation, the Court hereby FINDS as follows:

1. This matter arises out of a series of transactions and lawsuits regarding the ownership of and exercise of foreclosure rights on a parcel of real property located at 380 Daroca Avenue, Long Beach, CA 90803 (the "Property"). This memorandum order references only the limited factual and procedural history that is directly relevant to the instant filings.

2. On April 13, 2007, Mr. Vaughn took out a loan from World Savings Bank, FSB. The loan was secured by a deed of trust on the Property.

3. By 2010, Mr. Vaughn had defaulted on the loan. Acting as trustee under the deed of trust, Cal-Western recorded a notice of default and election to sell under the deed of trust on July 7, 2010, with the Los Angeles County Recorder.

4. A notice of trustee's sale was recorded with the Los Angeles County Recorder on December 30, 2010, and the trustee's sale was held on August 17, 2011.

5. DAPI was the successful bidder at the trustee's sale, and Cal-Western granted DAPI a trustee's deed upon sale on August 30, 2011.

6. Prior to the trustee's sale, on July 19, 2011, Mr. Vaughn filed a complaint in the Los Angeles Superior Court, *Vaughn v. World Savings Bank, FSB, et al.*, No. NC056325. The claims arose out of many

common facts with the Complaint in this adversary proceeding, but no debtor from these bankruptcy cases was a named defendant.[3]

7.    On November 9, 2011, Mr. Vaughn filed for bankruptcy in the United States Bankruptcy Court for the Central District of California, Case No. 11-56435. On January 28, 2013, Mr. Vaughn received a discharge in that case.

8.    On June 22, 2012, Mr. Vaughn filed a complaint in the United States District Court for the Central District of California, *Vaughn v. Wells Fargo Bank, N.A., et al.*, No. 12-05453 (the "California Action"). The complaint was filed against Cal-Western, among others, with causes of action similar to those in the instant Complaint. By operation of the automatic stay, the California Action is stayed as to Cal-Western.

9.    On September 16, 2013, Mr. Vaughn filed the Complaint in this adversary proceeding, against debtors Cal-Western and Prommis, as well as against Mr. Piper, DAPI, and Dennis P. Block & Associates (together, the "Defendants"). The Complaint alleges that Cal-Western did not have any legal right to control or sell the property, and that the Defendants engaged in a scheme to fraudulently foreclose on and sell the Property.

10.    On October 21, 2013, Cal-Western and Prommis filed their Motion to Dismiss the Complaint, arguing that this Court lacks subject matter jurisdiction to hear the case; Mr. Vaughn lacks standing because any claims are property of his bankruptcy estate; Mr. Vaughn is estopped from bringing the claims in his Complaint because he failed to disclose them in his bankruptcy schedules; the Complaint fails to state any basis upon which relief may be granted; and Mr. Vaughn has improperly asserted monetary claims through this adversary proceeding rather than by filing proofs of claim. Mr. Piper and DAPI have joined the Motion to Dismiss the Complaint.

---

[3] The July 19, 2011 complaint was brought against World Savings Bank, FSB; Wells Fargo Bank, N.A.; HSBC Bank USA, National Association, as trustee for Securitized Trust Wells Fargo Alternative Loan 2007 PA-3 Trust; Mortgage Electronic Registration System a/k/a MERS; and Does 1-100, inclusive.

11.    On November 18, 2013, Mr. Vaughn filed his Response to the Motion to Dismiss the Complaint, objecting to the grounds for dismissal and seeking leave to amend the Complaint. On December 2, 2013, Cal-Western and Prommis filed their Reply Brief. Mr. Piper and DAPI have joined the Reply Brief. On December 5, 2013, DAPI also filed a request for judicial notice of certain public documents in support of its joinder to the Motion to Dismiss the Complaint.

## Analysis

12.    Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of a complaint for lack of subject matter jurisdiction. *See* Fed. R. Bankr. P. 7012(b) (incorporating Fed. R. Civ. P. 12(b)-(i) in bankruptcy adversary proceedings). The "plaintiff has the burden of 'showing by a preponderance of the evidence that subject matter jurisdiction exists.'" *Scott v. Aegis Mortgage Corp. (In re Aegis Mortgage Corp.)*, No. 07-11119, 2008 WL 2150120 at *3 (Bankr. D. Del. May 22, 2008) (citing *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003); *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005)).

13.    Courts may consider subject matter jurisdiction at any time and must dismiss an action if subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3).

14.    The issue can be raised in any manner, including on motion of one of the parties or by the court sua sponte. *In re AE Liquidation, Inc.*, 435 B.R. 894, 900 (Bankr. D. Del. 2010) (citing *In re Eltech, Inc.*, 313 B.R. 659, 662 (Bankr. W.D. Pa. 2004)).

15.    Bankruptcy courts have subject matter jurisdiction over civil proceedings arising under title 11 of the United States Code, and arising in or related to cases under title 11, through the operation of 28 U.S.C. §§ 1334 and 157.

16.    "'Arising in' jurisdiction provides a bankruptcy court with jurisdiction over proceedings which 'have no existence outside of the bankruptcy.'" *Aegis*, 2008 WL 2150120 at *4 (quoting *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006) (internal citation omitted)).

17.    "Arising under" jurisdiction provides a bankruptcy court with jurisdiction over "'matters invoking a substantive right created by the Bankruptcy Code.'" *Aegis*, 2008 WL 2150120 at *4 (quoting *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999)).

18.    "Related to" jurisdiction is "the most expansive type of bankruptcy court jurisdiction." *Aegis*, 2008 WL 2150120 at *5. Where a claim or cause of action is filed prior to confirmation of a plan, "[t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (overruled on other grounds); *see also In re MPC Computers, LLC*, 465 B.R. 384, 392 (Bankr. D. Del. 2012).

19.    Here Mr. Vaughn's Complaint seeks recovery of money[4] and the Property based on fraudulent foreclosure sale of the Property; declaratory relief that the Defendants have no interest in the Property; an injunction against the Defendants asserting any rights in the Property; and a determination that the foreclosure sale is unlawful and void.

20.    The Court does not have "arising in" jurisdiction over these claims, because they can exist outside of the bankruptcy. All of these claims could be filed in state court, and in fact have already been filed outside this bankruptcy case. The California Action contains similar claims and was already pending in the United States District

---

[4] In the computation of damages in the Complaint, Mr. Vaughn lists the following: punitive damages; actual damages; damages for fraud; negligent misrepresentation; intentional infliction of emotional distress and pain; restitution for conspiracy; compensatory damages; treble damages; embarrassment, humiliation, and anxiety; restitution for unjust enrichment; damages for unlawful foreclosure; damages for wrongful and malicious prosecution; tortious interference with a contract; and restitution for theft and trespass, embezzlement, deceptive trade practices, fraudulent concealment, financial fraud, conversion, negligence and gross negligence, and disgorgement of illegal profits. Compl. at 12. Although some of these grounds for damages would constitute separate causes of action, all bases for monetary damages are dealt with in Paragraph 24 below.

Court for the Central District of California when Cal-Western and Prommis filed for bankruptcy.

21.    Neither does the Court have "arising under" jurisdiction, because none of the rights at issue are created by the Bankruptcy Code. All of Mr. Crawford's claims are grounded in the state law of California.

22.    Finally, with regard to "related to" jurisdiction, any declaratory relief, injunction, or determination that the foreclosure sale was void would not have any effect on the bankruptcy estates of Cal-Western or Prommis. Debtor Cal-Western served as the trustee overseeing the foreclosure sale process, and it does not have any interest in the property at issue.

23.    To the extent that any monetary damages are sought against Cal-Western or Prommis, a claim for pre-petition money damages may not be asserted through an adversary proceeding. *See Aegis*, 2008 WL 2150120 at *6.

24.    Since the Debtors have no interest that would be affected by the declaratory relief, the injunction, or the determination that the foreclosure sale is void, and a pre-petition claim for monetary damages may not be asserted through an adversary proceeding, the Court concludes that the outcome of this proceeding could not have any conceivable effect on the bankruptcy estates.

25.    It should be noted that a creditor may assert a pre-petition claim by filing a proof of claim in accordance with 11 U.S.C. § 501. *Id.* Indeed, "in a case under Chapter 11 of the Code, '[a]ll unsecured creditors must file a proof of claim for their interest to be allowed when that claim is not scheduled by the debtor or if the claim is scheduled by the debtor as disputed, contingent or unliquidated.'" *Aegis*, 2008 WL 2150120 at *6 (quoting *In re Wire Rope Corp. of Am., Inc.*, 300 B.R. 1, 8 (Bankr. W.D. Mo. 2003).

26.    In this case, the claims bar date for Prommis was July 3, 2013 [Docket No. 349], and it appears that such deadline passed without Mr. Vaughn filing a proof of claim against Prommis. The claims bar date for Cal-Western was September 16, 2013 [Docket No.

478], and it appears that this deadline also passed without Mr. Vaughn filing a proof of claim against Cal-Western.

27.    Since the Court has determined that it lacks subject matter jurisdiction to hear this adversary proceeding, the issue of standing, the request for judicial notice, and other arguments raised by the movants are moot. This adversary proceeding will be dismissed.

28.    No amendments in the first amended complaint cure the lack of subject matter jurisdiction, and therefore the request to amend the Complaint will be denied.

Accordingly, it is hereby

**ORDERED**, that the Motion to Dismiss the Complaint and the joinders to that motion are **GRANTED**; and it is further

**ORDERED**, that the adversary proceeding is **DISMISSED** in its entirety due to lack of subject matter jurisdiction; and it is further

**ORDERED**, that the request to amend the Complaint is **DENIED**.

**BY THE COURT**:

Dated: January 9, 2013
Wilmington, Delaware

Brendan Linehan Shannon
United States Bankruptcy Judge

- 7 -